BLD-302                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2041
_____

HILTON KARRIEM MINCY,
                                      Appellant

v.

SUPERINTENDENT EDWARD KLEM; LIEUTENANT WILLIAM C. WETZEL;
OFFICER MIKNICH; OFFICER ROGER LATHAM; OFFICER GILLIGAN;
CAPTAIN THOMAS DERFLER; CYNTHIA STRAUB; UNIT MANAGER GEORGE
CLEMENTS; KENNETH MUMMA; CHIEF GRIEVANCE OFFICER SHARON M.
BURKS; HEARING EXAMINER J. KEVIN KANE; CHIEF HEARING EXAM.
ROBERT S. BITNER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-0066)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2011

Before: SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 14, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Hilton Mincy appeals the District Court's orders granting three of

the defendants' motion to dismiss and the remaining defendants' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and review the orders under a plenary standard of review. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (motion to dismiss); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The instant case represents the latest chapter in a series of cases that Mincy has filed against prison officials at SCI-Mahanoy, where he was formerly incarcerated. On January 3, 2006, Mincy was transferred from one cell to another. When he arrived at his new cell, Maurice Mosely, the other inmate assigned to the cell, was removed so that Mincy could install himself and his belongings. Soon after Mosely returned, he attacked Mincy. Several of the defendants then entered the cell, separated Mosely and Mincy, and escorted Mincy to the medical unit, where he was treated by a nurse and a physician's assistant.

Mincy claims that Mosely attacked him at the defendants' behest. According to Mincy, the defendants, and especially William Wetzel, were angered by testimony he had given at a deposition in support of an earlier lawsuit he had filed. (In that lawsuit, Mincy alleged that other Mahanoy employees had retaliated against him for filing a previous lawsuit.) More specifically, in the deposition, Mincy stated that Wetzel had watched another guard assault him but had failed to intervene. Mincy claims that this testimony

2

upset Wetzel and that he therefore orchestrated the transfer and attack. This conduct, Mincy alleges, violated his First Amendment rights.[1]

The District Court first granted a motion to dismiss that Cynthia Straub, George Clements, and Kenneth Mumma filed, ruling that Mincy had failed to plead that these defendants were personally involved in the allegedly unconstitutional conduct. The Court subsequently granted summary judgment to the other defendants. First, the Court held that Mincy had also failed to show that the majority of the remaining defendants had any personal involvement in the alleged wrongs. The Court then held that Mincy's retaliation claim failed because the undisputed evidence showed that Mincy had been moved pursuant to an internal prison regulation, DC-ADM 6.5.1, which requires that inmates of Mincy's security class be transferred every 90 days. Mincy then filed a timely notice of appeal to this Court.

We agree with the District Court's disposition of this case. As an initial matter, Mincy argues that the District Court should have refused to consider the defendants' statement of undisputed facts in support of their motion for summary judgment because it was untimely. We disagree; the defendants filed within the period prescribed by the District Court. See June 2, 2010 Order. While the District Court's order referred

---

[1] In his complaint, Mincy also cited the Eighth Amendment, but failed to develop that claim before the District Court. To the extent that Mincy has not abandoned the claim, we conclude that the defendants were entitled to summary judgment because Mincy failed to show that they acted with "deliberate indifference" to his health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The only argument that he has presented is that the defendants formally arranged for Mosely to attack him and, as discussed below, we conclude that the District Court properly rejected this argument.

3

specifically to only the defendants' summary judgment brief, in context, we are convinced that the Court intended for the order to set the deadline for both the brief and the statement of facts. See generally In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." (internal quotation marks omitted)).

We further agree with the District Court that, even accepting Mincy's allegations, the majority of the defendants that he has named simply had no part in the alleged misconduct. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Similarly, a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the requisite personal involvement. See id. at 1207-08. Therefore, we will affirm the District Court's orders granting summary judgment to defendants Edward Klem, Thomas Derfler, Sharon Burks, Kevin Kane, Robert Bitner, and dismissing the complaint as to Straub, Clements, and Mumma.

We will likewise affirm the District Court's order granting summary judgment to Wetzel, Thomas Miknich, Roger Latham, and James Gilligan on Mincy's retaliation claim. As noted above, Mincy contends that in retaliation for his testifying adversely to Wetzel, the defendants arranged for him to be attacked by Mosely. To establish a claim of retaliation under the First Amendment, Mincy must show that (1) the conduct in which

4

he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). If Mincy makes this initial showing, the defendants "may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

Here, the undisputed evidence shows that, on January 3, 2006, prison regulations required the defendants to transfer Mincy because he had been in his then-current cell for more than 90 days. The defendants have stated that they did, in fact, transfer him pursuant to this regulation. We thus conclude that the defendants' conduct was reasonably related to a legitimate penological interest, and, as the District Court held, there is no genuine issue of material fact that Mincy would have been transferred notwithstanding his deposition testimony. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002). While Mincy complains that his move was overdue, that does not change the fact that the move was mandated by prison regulations; if anything, it made immediate compliance all the more necessary.

Mincy argues that the gravamen of his claim is not that he was transferred, but that he was set up to be assaulted. However, he has presented absolutely no evidence that the defendants arranged for him to be attacked, and his speculation is not sufficient to survive

summary judgment.[2] See Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005). In fact, the defendants' response to the fight — they broke up the fight and then immediately provided medical care to Mincy — militates against any suggestion that they sought to harm him. Cf. Washington v. LaPorte Cnty. Sheriff's Dep't, 306 F.3d 515, 518-19 (7th Cir. 2002) (observing that where, after an inmate was attacked, the guards "immediately removed him from the cell block [and] gave him appropriate medical care," the guards "display[ed] deliberate care, not deliberate indifference" (internal quotation marks omitted)). Therefore, the District Court properly granted judgment to the defendants.

Finally, we conclude that the District Court acted within its discretion in declining to exercise supplemental jurisdiction over Mincy's state law claims. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).

Accordingly, we will summarily affirm the District Court's orders granting the defendants' motion to dismiss and motion for summary judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] Mincy has presented an affidavit from another inmate stating that Mosely had said, sometime after the attack, that he had been in league with the guards. This affidavit, however, is inadmissible hearsay that cannot be used to overcome summary judgment. See Smith v. City of Allentown, 589 F.3d 684, 693-94 (3d Cir. 2009).